Eva Makowsky<br>
vs.<br>
Luella Perreira, Ind. and as Adm'x of the Estate of Diamantino Perreira, et al. } Eq. No. 12708.

June 14, 1934.

TANNER, J. The question involved in this case is whether a power of attorney to mortgage is valid between the parties though not recorded according to law.

The defendant has produced a number of authorities to the effect that such power of attorney is valid between the parties though not recorded. The only Rhode Island authority on the subject, however, is to the contrary and holds that the statute provides that such power of attorney "shall be signed, acknowledged, delivered and recorded with the formalities prescribed by law concerning deeds from grantors in person, thus, by implication, excluding the validity of any conveyance by attorney unless in manner and with the formalities mentioned".

*Bourne* vs. *Campbell*, 21 R. I. 490.

This was a case where the action was between the same parties as those named in the instrument.

We feel obliged to follow the Rhode Island authority until it may be repealed. Therefore we grant the petition to appoint a receiver of rents and profits.

For complainant: Emilio D. Iannuccillo.

For respondent: Walter V. Connly.

Cruise Construction Co., Inc.<br>
vs.<br>
Albert J. Lamarre } Law No. 92378.

June 15, 1934.

CHURCHILL, J. Heard on demurrer to amended declaration.

The defendant urges that the words alleged to have been spoken are not susceptible of the meaning ascribed to them by the innuendoes and that the statement is not, therefore, slanderous in its nature.

While parts of the statement ascribed to the defendant may be open to this objection, yet when the entire statement is examined as pleaded, it seems to be fairly susceptible of the meaning attributed to it in the declaration, to wit: that it charges a want of honesty and of business ability on the part of the plaintiff. It therefore states a case within

*Morrison-Jewell Filtration Co.* vs. *Lingane*, 19 R. I.

See also Webb's Pollock on Torts, pp. 300, 303.

Demurrer is overruled; defendant to have ten days in which to plead.

For plaintiff: Fergus J. McOsker.

For defendant: W. S. Flynn & E. W. Flynn.